# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALEJANDRO BORGES, individually and on behalf of all others similarly situated, | ) ) ) ) Case No.: 21-cv-23011 |
| Plaintiff, | ) ) ) |
| v. | ) ) (Removed from the Circuit Court for the |
| SMILEDIRECTCLUB, LLC, | ) Eleventh Judicial Circuit for Miami-Dade ) County, Florida, Case No. 2021-017561-CA- |
| Defendant. | ) 01) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant SmileDirectClub, LLC ("SDC"), by and through its counsel of record, hereby gives notice of removal of this action from the State of Florida, Eleventh Judicial Circuit Court in and for Miami-Dade County to the United States District Court for the Southern District of Florida. In support thereof, SDC respectfully states as follows:

**I.  THE STATE COURT ACTION**

1. On July 21, 2021, Plaintiff Alejandro Borges ("Plaintiff") initiated this case against SDC by filing a Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County captioned *Alejandro Borges v. SmileDirectClub, LLC*, No. 2021-017561-CA-01 ("State Court Action"). A copy of the complaint is attached hereto as **Exhibit 1**.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that have been filed and served in the State Court Action is attached hereto as **Exhibit 2.**

3. SDC was sent a waiver of service and waived service of the summons and complaint on July 21, 2021. The waiver was filed with the court. A copy of the waiver is attached hereto as **Exhibit 3.**

4.      This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

5.      On August 10, 2021, Plaintiff improperly served discovery. *See* **Exhibit 2**. Discovery was inappropriate under Florida state rules because it was served prior to service of the pleading. *See* Fla. R. Civ. P. §§ 1.340(a), 1.350(b) (permitting discovery on a defendant "with or after service of the process and initial pleading on that party.")  Because service was waived on July 21, 2021, service under Florida law would not have occurred until August 31, see Fla. R. Civ. P. § 1.070(i)(4), some three weeks after Plaintiff attempted to serve his discovery.  Furthermore, upon removal, discovery issued in state court is moot. *See, e.g., Wilson ex rel. Est. of Wilson v. Gen. Tavern Corp.*, No. 05-81128 CIV RYSKAMP, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006) ("Discovery served in state court becomes null and ineffective upon removal.").  Plaintiff withdrew this discovery on August 16, 2021 without notifying SDC. *See* **Exhibit 2**.

6.      More than three weeks after service had been waived (which waiver had been filed with the state court), Plaintiff inexplicably served SDC with the Complaint and Summons on August 12, 2021 and then served a now second set of identical discovery. *See* **Exhibits 4-5.**  Such discovery remains improper because service had been waived and, in any event, becomes null upon removal. *Wilson,* 2006 WL 290490, at *1; *see also LCI Constr. Of S. Fla., Inc. v. Compass Bank*, No. 12-62515-CVI, 2013 WL 12144066, at *1 (S.D. Fla. Jan. 16, 2013) ("Fed. R. Civ. P. 26(d) prohibits parties from seeking discovery from any source prior to conferring as required by Rule 26(f).").

7.      In his Complaint, Plaintiff contends SDC violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, by sending "telephonic sales calls [] to solicit the sale of consumer goods and/or services" using "a computer software system that automatically selected and dialed" telephone numbers, to "individuals residing in Florida" without "express

written consent." (Ex. 1, Compl. at ¶¶ 11-13, 15-16.) The Complaint specifically includes two text messages from SDC on July 13, 2021 and July 19, 2021. (*Id.* at ¶ 11.)

8. Plaintiff asserts a single FTSA claim and alleges that as a result of Defendant's conduct, "Plaintiff and class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation." (*See id.* at ¶¶ 33-35.)

9. Plaintiff seeks, on behalf of himself and a putative class, various forms of relief including (i) an award of statutory damages; (ii) an order declaring that SDC's actions violate the FTSA; and (iii) an injunction to "otherwise protect the interests of the Class." (*See id.* at Prayer for Relief.)

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

10. This Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ."

11. First, the State Court Action is a "class action" for purposes of 28 U.S.C § 1332(d)(2), as Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to Florida Rule of Civil Procedure § 1.220(b)(2) and (b)(3). (Ex. 1, Compl. ¶ 18); *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

12. Second, Plaintiff seeks damages at a minimum of $500.00 for each violation individually and on behalf of a putative class of persons similarly situated. (Ex. 1, Compl. ¶¶ 18,

35.) Plaintiff claims that damages are in the "millions of dollars." (*Id.* ¶ 26.) The Class that Plaintiff seeks to represent consists of "[a]ll persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." (*Id.* at ¶ 18.)

13. There are more than 10,000 persons with Florida area codes and/or Florida zip codes that were sent text messages by SDC regarding its good and/or services after July 1, 2021. *See* **Exhibit 6** at ¶ 4 (Declaration of Caitlin Lindner.) Plaintiff's proposed class surpasses the 100-person requirement of 28 U.S.C. § 1332(d)(5)(B). It bears noting that Plaintiff imposes no time restriction on his putative class, though the statutory damages provision at hand and pertinent amendments to the FTSA went into effect July 1, 2021 (and thus any message sent before that time period could not possibly be actionable, and indeed there are other serious retroactive application issues as a general matter).

14. Third, there is minimal diversity between members of the proposed class and Defendant, which satisfies the Diversity requirements pursuant to 28 U.S.C. § 1332(d).

15. SDC is a Delaware limited liability company, and its principal place of business is in Nashville, Tennessee. *See* **Exhibit 7** at ¶ 3 (Declaration of Troy Crawford.) Therefore, SDC is a citizen of Delaware and Tennessee for the purpose of CAFA removal. 28 U.S.C. § 1332(d)(10).

16. Plaintiff is a citizen of Florida. Plaintiff is a current resident of Florida. (Ex. 1, Compl. ¶¶ 9, 11.) Publicly available information reflects that Plaintiff has a Florida phone number, a Florida address, Florida driver's license, a car registered in Florida and has lived in Florida for at least the last decade. *See* **Exhibit 8** at ¶¶ 2-4 (Declaration of Mark Eisen.)

17. Further, Plaintiff seeks to represent a class of "all persons in Florida" and it naturally follows that at least one class member is a Florida citizen. *See* 28 U.S.C. § 1332(d)(2)(A)

("The district courts shall have original jurisdiction of any civil action in which [the amount in controversy threat is met] and is a class action in which… any member of a class of plaintiffs is a citizen of a State different from any defendant."); 28 U.S.C. § 1332(d)(1)(D) (defining "class members" as "the persons (**named or unnamed**) who fall within the definition of the proposed or certified class in a class action") (emphasis added); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because "by definition all valid plaintiffs are citizens of Florida" and defendant was a citizen of Virginia); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use … common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements.").

18.  Plaintiff, in fact, specifically alleges that "[u]pon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida" and that messages were sent "throughout Florida . . . ." (Ex.1, Compl. ¶¶ 13, 20.) Plaintiff also predicates personal jurisdiction on the contention that the messages at issue were sent into Florida. (*Id.* ¶ 9.)

19.  Because at least one plaintiff and Defendant are citizens of different states, the minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d).

20.  For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., McDaniel v. Fifth Third Bank,* 568 Fed. Appx. 729, 731 (11th Cir. 2014) ("That a court would, based on the pleadings, find that a claim fails as a matter of law does not factor into the court's jurisdictional analysis.").

21.  There are more than 10,000 persons with Florida area codes and/or Florida zip codes that were sent a text message by SDC regarding its goods and/or services after July 1, 2021, using the same equipment that was utilized to send the messages Plaintiff alleges he received. (*See*

the Declaration of Caitlin Lindner at ¶ 4.)[1] Plaintiff, by his own allegations, notes that the Class members number is in the "several thousands, if not more." (Ex. 1, Compl. ¶ 19.) Plaintiff claims that damages are in the "millions of dollars." (*Id.* ¶ 26.) Plaintiff also seeks, by his own allegations, a minimum of $500.00 in statutory damages per class member. (*Id.* ¶ 35.) The FTSA also provides the possibility of treble damages. Fla. Stat. § 501.059(10)(b). This yields a total amount in controversy for the putative class that exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

22.     Finally, Plaintiff has Article III standing for this case to proceed in federal court. SDC is aware of the Eleventh Circuit's decision in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). However, unlike the TCPA, the FTSA is different in critical respect. The TCPA section in *Salcedo* did not specifically enumerate "text messages," but rather disallowed unauthorized "calls." 47 U.S.C. § 227(b)(1)(A)(iii). The Court in *Salcedo* found this distinction in language to be key. *See Salcedo*, 936 F.3d at 1168–69 ("We first note what Congress has said in the TCPA's provisions and findings about harms from telemarketing via text message generally: *nothing*.") (emphasis court's). The FTSA, conversely, applies *specifically to text messages*. *See* Fla. Stat. § 501.059 (applying to "telephone call[s], text message[s], or voicemail transmission[s]. . . ."). By specifically enumerating text messages in the FTSA, the Florida legislature intended to identify the receipt of *any* unsolicited telephonic sales contact, including by text message, as a concrete injury.[2]

---

[1]     Plaintiff's allegations are accepted as true, SDC does not believe a class is appropriately certifiable and reserves the right to challenge anyone as an appropriate class member.
[2]     SDC includes this brief Article III discussion here, though it notes that it need not establish Plaintiff's Article III standing in a notice of removal. *See, e.g.*, *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-CV-20048, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) ("[A] defendant must make a plausible jurisdictional allegation—that is, a plausible allegation of either federal question jurisdiction or diversity jurisdiction—in its notice of removal," and ruling that the

23. In addition, the *Salcedo* court specifically noted that "[s]ome harms that are intangible and ephemeral may [constitute an injury in fact] but Salcedo's allegations of the harm he suffered from receiving a single text message do[es] not." *Salcedo,* 936 F.3d at 1173. Here, Plaintiff received more than one text message. Plaintiff also claims that he and the Class members were harmed through "inconvenience, invasion of privacy, aggravation, [and] annoyance." (Ex. 1, Compl. ¶ 17.) These alleged harms must be taken as true for purposes of jurisdictional analysis. *McDaniel,* 568 Fed. Appx. at 731.

24. Finally, the standing inquiry here is aided by the Supreme Court's recent decision *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2021), which post-dates the *Salcedo* opinion and is the Supreme Court's most recent guidance on standing. *TransUnion* involved a certified class under the Fair Credit Reporting Act ("FCRA"), which persons all had negative information in their credit report file (namely, that they were identified as potential matches to persons on a terrorist watch list). *See id.* at 2201-02. While some of these persons had this information disseminated to third parties, most did not. *See id.* at 2208-08. The Supreme Court determined that those whose information was disclosed to a third party had standing, while the remainder did not. *See id.* at 2210 ("The standing inquiry in this case thus distinguishes between (i) credit files that consumer reporting agencies maintain internally and (ii) the consumer credit reports that consumer reporting agencies disseminate to third-party creditors.").

25. The Supreme Court in *TransUnion* simply looked to the fact of dissemination, not the effect of dissemination. To the extent the *Salcedo* court evaluated the quality of the alleged harm, *TransUnion* overrides that holding. As the *TransUnion* Court did, the distinction can be

---

defendant need not establish Article III standing for a plaintiff in a notice of removal); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (finding standing is different entirely from removability).

made here between persons who actually received unsolicited text messages and persons who (i) did not receive the message (*i.e.*, a busy or disconnected line) or (ii) persons who provided consent. While Plaintiff's allegations may prove unfounded, his contention that he received unsolicited text messages that invaded his privacy must be accepted at this stage.  (*See* Compl. ¶¶ 16, 17.)

26. Accordingly, the Court has jurisdiction over the class action pursuant to 28 U.S.C. § 1332(d) and removal is proper under 28 U.S.C. § 1441.

### III.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

27. SDC waived formal service of process on July 21, 2021.  (**Exhibit 3**).

28. SDC was improperly re-served on August 12, 2021.  (**Exhibit 4**).

29. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

30. Pursuant to 28 U.S.C. § 1446(d), SDC will file a copy of this Notice of Removal with the Clerk of the State of Florida, Eleventh Judicial Circuit.  SDC will also serve Plaintiff with a copy of this Notice of Removal.

31. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by SDC (other than the summons and Complaint) as well as all documents available publicly on the state court docket are attached hereto as **Exhibit 2.**

32. Pursuant to 28 U.S.C. § 1446(a), venue for this case is proper in the Southern District of Florida because it is the district court of the United States for the district and division within which the State Court Action is pending.  *See* 28 U.S.C. § 89(c).

33. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE,** Defendants SDC hereby removes this civil action to this Court.

DATED:  August 18, 2021                         Respectfully submitted,

                                                /s/ Jordan S. Kosches

                                                Jordan S. Kosches, Esq.
                                                jordan.kosches@gray-robinson.com
                                                GRAYROBINSON, P.A.
                                                333 SE 2nd Avenue, Suite 3200
                                                Miami, Florida 33131
                                                Telephone: (305) 416-6880
                                                Facsimile: (305) 416-6997
                                                Florida Bar No.: 49881

                                                David S. Almeida, Esq.
                                                (to be admitted *pro hac vice*)
                                                Mark S. Eisen, Esq.
                                                (to be admitted *pro hac vice*)
                                                **BENESCH, FRIEDLANDER,
                                                COPLAN & ARONOFF LLP**
                                                71 South Wacker Drive, Suite 1600
                                                Chicago, Illinois  60606
                                                Telephone:  (312) 212-4949
                                                Facsimile:  (312) 767-9192
                                                dalmeida@beneschlaw.com
                                                meisen@beneschlaw.com

                                                *Attorneys for Defendant
                                                SmileDirectClub, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** was served upon all interested parties using this Court's ECF filing system this 18th day of August 2021.

/s/ *Jordan S. Kosches*